**HONORABLE TIFFANY M. CARTWRIGHT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

**JULIE JAMAN**

                    **Plaintiff,**

**vs.**

**CITY OF PORT TOWNSEND,
WASHINGTON; JOHN MAURO; THE
OLYMPIC PENINSULA YMCA; WENDY
BART; ROWEN DELUNA, ERIN
HAWKINS; et. al.**

                    **Defendants.**

**NO.  3:24-cv-05466-TMC**

**ANSWER OF DEFENDANTS CITY
OF PORT TOWNSEND AND JOHN
MAURO**

COMES NOW Defendants City of Port Townsend and John Mauro (hereafter collectively "Defendants"), on behalf of themselves and no other defendants, and in answer to Plaintiff's Complaint herein, do hereby admit, deny, and allege as follows:

1.  In answer to paragraph 1, Defendants agree that at all times relevant to the allegations in this Complaint, the City of Port Townsend leased the Mountain View Commons and Pool from the Port Townsend School District, and that the pool is used for recreational purposes by community members under a Use and Management Agreement and Management Services Agreement with the Olympic Peninsula YMCA (hereafter "YMCA") whereby the YMCA

**ANSWER OF DEFENDANTS CITY OF
PORT TOWNSEND AND JOHN MAURO  – 1**
**No.:  3:24-cv-05466-TMC**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

was responsible for management and operation of the Mountain View pool. Defendants deny the remaining allegations in this paragraph.

2. In answer to paragraph 2, Defendants admit that the City of Port Townsend entered into a Use and Management Agreement and Management Services Agreement with the Olympic Peninsula YMCA whereby the YMCA was responsible for management and operation of the Mountain View pool. Defendants deny the remaining allegations in this paragraph.

3. In answer to paragraph 3, Defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

4. In answer to paragraph 4, Defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

5. In answer to paragraph 5, Defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

6. In answer to paragraph 6, Defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

7. In answer to paragraph 7, Defendants deny the allegations in this paragraph.

8. In answer to paragraph 8, Defendants deny that they were responsible for implementing or maintaining the "lifetime ban" on Plaintiff. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny the same.

9. In answer to paragraph 9, Defendants deny the allegations in this paragraph.

10. In answer to paragraph 10, Defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

ANSWER OF DEFENDANTS CITY OF
PORT TOWNSEND AND JOHN MAURO  – 2
No.:  3:24-cv-05466-TMC

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

11. In answer to paragraph 11, Defendants lack information or knowledge as to Plaintiff's motivation in bringing this lawsuit, and on that basis deny these allegations. Defendants deny the remaining allegations in this paragraph.

12. In answer to paragraph 12, Defendants submit that questions of subject matter jurisdiction are issues of law that require no response; though Defendants do not contest subject matter jurisdiction with this Court.

13.  In answer to paragraph 13, Defendants submit that questions of personal jurisdiction are issues of law that require no response; though Defendants do not contest personal jurisdiction with this Court.

14. In answer to paragraph 14, Defendants submit that questions of venue are issues of law that require no response; though Defendants do not contest venue with this Court.

15. In answer to paragraph 15, Defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

16. In answer to paragraph 16, Defendants admit that the City of Port Townsend is a non-charter code city with a population of approximately 10,000 people.

17. In answer to paragraph 17, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of this paragraph and on that basis deny the same. Defendants deny the remaining allegations in this paragraph.

18. In answer to paragraph 18, Defendants admit that John Mauro is City Manager for the City of Port Townsend. Defendants submit that the remaining allegations in this paragraph are issues of law not fact and thus require no response. Insofar as a response is required, the allegations are denied.

**ANSWER OF DEFENDANTS CITY OF
PORT TOWNSEND AND JOHN MAURO  – 3**
**No.:  3:24-cv-05466-TMC**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

19. In answer to paragraph 19, Defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

20. In answer to paragraph 20, Defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

21. In answer to paragraph 21, Defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

22. In answer to paragraph 22, Defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

23. In answer to paragraph 23, Defendants deny the allegations in this paragraph.

24. In answer to paragraph 24, Defendants admit that the PROS plan states that the pool was built by the Port Townsend School District in 1963. Defendants admit the remaining allegations in this paragraph.

25. In answer to paragraph 25, defendants admit that the City assumed operations of the Mountain View pool in 1995 pursuant to an agreement with the Port Townsend School District (PTSD). Defendants admit that in 2016 the City and PTSD entered into the Mountain View Pool Use Agreement, attached as Exhibit 2 to plaintiff's complaint; the terms of which speak for themselves.

26. In answer to paragraph 26, defendants admit that the City operated the pool directly as a public facility prior to the date of the subject incident, and deny the remaining allegations as vague and lacking sufficient information to affirm or deny.

27. In answer to paragraph 27, defendants deny that in 2021 the City was looking for a partner to be involved in the construction and operation of a new aquatic center. Defendants admit that

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

the City entered into the Management Agreement with the YMCA in October 2021, the terms of which speak for themselves.

28. In answer to paragraph 28, defendants admit that this paragraph quotes from a portion of the Management Agreement. The meaning and interpretation of the Management Agreement are matters of law not fact and thus require no response.

29. In answer to paragraph 29, defendants deny the allegations in this paragraph.

30. In answer to paragraph 30, defendants admit that this paragraph quotes from a portion of the Management Agreement. The meaning and interpretation of the Management Agreement are matters of law not fact and thus require no response. Defendants admit that the February 2024 Port Townsend Newsletter contains the following in the message from Mayor David Faber: "For instance, our current pool is not going to last much longer. If we want to have a public pool – a place our children and grandchildren can safely learn to swim, where our elders can do aqua-therapy, and where everyone can recreate and exercise, then we have to be willing to actually pay for and build it."

31. In answer to paragraph 31, defendants admit that this paragraph quotes from a portion of the Management Agreement. The meaning and interpretation of the Management Agreement are matters of law not fact and thus require no response.

32. In answer to paragraph 32, Defendants admit that the Mountain View Park and Pool fell within the City's Parks, Recreation & Community Services Department until the passing of Ordinance 3287 on April 4, 2022 which repealed Chapter 2.35 of the Port Townsend Municipal Code, among other organizational and title changes. Defendants admit that the City's webpage has a link for the YMCA Pool. Defendants further admit that this paragraph

**ANSWER OF DEFENDANTS CITY OF
PORT TOWNSEND AND JOHN MAURO – 5**
**No.:  3:24-cv-05466-TMC**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

quotes from a portion of the Management Agreement. The meaning and interpretation of the Management Agreement are matters of law not fact and thus require no response.

33. In answer to paragraph 33, defendants admit that the Olympic Peninsula YMCA webpage that is linked on the City's website includes the statement: "The Olympic Peninsula YMCA operates the Mountain View Pool in partnership with the City of Port Townsend." Defendants further admit that this paragraph quotes from a portion of the Management Agreement. The meaning and interpretation of the Management Agreement are matters of law not fact and thus require no response.

34. In answer to paragraph 34, defendants admit that this paragraph quotes from a portion of the Management Agreement. The meaning and interpretation of the Management Agreement are matters of law not fact and thus require no response. Defendants further admit that the City's expenditures related to the pool are paid through revenues from local taxes.

35. In answer to paragraph 35, defendants admit that this paragraph quotes from a portion of the Management Agreement. The meaning and interpretation of the Management Agreement are matters of law not fact and thus require no response.

36. In answer to paragraph 36, defendants admit that this paragraph quotes from a portion of the Management Agreement. The meaning and interpretation of the Management Agreement are matters of law not fact and thus require no response.

37. In answer to paragraph 37, defendants admit that this paragraph quotes from a portion of the YMCA's Code of Conduct.

38. In answer to paragraph 38, defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

39. In answer to paragraph 39, defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

40. In answer to paragraph 40, defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

41. In answer to paragraph 41, defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

42. In answer to paragraph 42, defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

43. In answer to paragraph 43, defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

44. In answer to paragraph 44, defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

45. In answer to paragraph 45, defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

46. In answer to paragraph 46, defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

47. In answer to paragraph 47, defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

48. In answer to paragraph 48, defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

49. In answer to paragraph 49, defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

**ANSWER OF DEFENDANTS CITY OF PORT TOWNSEND AND JOHN MAURO** – 7
No.: 3:24-cv-05466-TMC

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

50. In answer to paragraph 50, defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

51. In answer to paragraph 51, defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

52. In answer to paragraph 52, defendants admit that a City Police Officer called plaintiff on July 26, 2022 and discussed with her what happened at the YMCA that day. Defendants submit that the call record concerning that call, included among the exhibits that plaintiff submitted with her demand letter, speaks for itself as to the discussion during that call.

53. In answer to paragraph 53, defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

54. In answer to paragraph 54, defendants admit that City sidewalks are generally open to the public. Defendants assert that whether a particular City sidewalk constitutes a "traditional public forum" is a matter of law requiring no response. Insofar as a response is required, this allegation is denied. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny the same.

55. In answer to paragraph 55, defendants admit that plaintiff spoke during the "public comment" section of the August 1, 2022 City Council meeting and that she was permitted to do so and was given the opportunity to state her concerns, suggestions, and objections with respect to the events at the YMCA pool.

56. In answer to paragraph 56, defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

**ANSWER OF DEFENDANTS CITY OF PORT TOWNSEND AND JOHN MAURO – 8**
**No.: 3:24-cv-05466-TMC**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

1

2

3

4

5

6

7

8

57. In answer to paragraph 57, defendants admit that YMCA's Wendy Bart contacted City Manager John Mauro on July 26, 2022 regarding this matter. Defendants admit that John Mauro sent an email on July 27, 2022, the content of which speaks for itself. Defendants deny that the City had the power or responsibility to "reverse" the YMCA's decision or that it "ratified" the YMCA's decision as the City was not responsible for second-guessing that action. Defendants admit that it supported the YMCA's decision to trespass plaintiff from its facilities.

9

10

11

58. In answer to paragraph 58, defendants deny that they "conspired" with the YMCA. Defendants admit that it communicated with the YMCA regarding plaintiff's complaints about being trespassed and concurred in the YMCA's handling of this matter.

12

13

59. In answer to paragraph 59, defendants deny that there was a "Mauro-Bart conspiracy".

14

15

16

17

60. In answer to paragraph 60, defendants deny that there was a "Mauro-Bart conspiracy". Defendants admit that the City retained the assistance of a public relations firm to assist in its response to the allegations that plaintiff was making. Defendants deny the remaining allegations in this paragraph.

18

19

61. In answer to paragraph 61, defendants admit that John Mauro sent the emails attached as Exhibit 11 to plaintiff's complaint, the contents of which speak for themselves.

20

21

22

62. In answer to paragraph 62, defendants admit that John Mauro sent the email attached as Exhibit 12 to plaintiff's complaint, the content of which speaks for itself.

23

24

63. In answer to paragraph 63, defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations and on that basis deny the same.

25

26

**ANSWER OF DEFENDANTS CITY OF PORT TOWNSEND AND JOHN MAURO  – 9**
**No.:  3:24-cv-05466-TMC**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

64. In answer to paragraph 64, defendants admit that Heidi Greenwood sent the email included within Exhibit 13 to plaintiff's complaint, the content of which speaks for itself.

65. In answer to paragraph 65, defendants admit that the emails included within Exhibit 14 to plaintiff's complaint were exchange. The contents of these emails speak for themselves.

66. In answer to paragraph 66, defendants admit that the emails included within Exhibit 15 and 16 to plaintiff's complaint were exchanged. The contents of these emails speak for themselves.

67. In answer to paragraph 67, defendants admit that the emails included as Exhibit 17 to plaintiff's complaint were sent and received by the listed individuals. The contents of these emails speak for themselves.

68. In answer to paragraph 68, defendants admit that a virtual meeting was held on or about August 11, 2022.

69. In answer to paragraph 69, defendants admit that the emails included as Exhibits 19 and 20 to plaintiff's complaint were sent and received by the listed individuals. The contents of these emails speak for themselves.

70. In answer to paragraph 70, defendants admit the the emails included as Exhibit 20 to plaintiff's were sent and received by the listed individuals. The contents of these emails speak for themselves.

71. In answer to paragraph 71, defendants do not know what plaintiff means by "the final decisionmaker" and thus cannot respond to this allegation. Insofar as a response is required, defendants deny the same.

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

72. In answer to paragraph 72, defendants deny that the Q&A contained false statements concerning the plaintiff.

73. In answer to paragraph 73, defendants deny the existence of a "Mauro Bart conspiracy". Defendant deny that they made false statements about the plaintiff.

74. In answer to paragraph 74, defendants deny the allegations in this paragraph.

75. In answer to paragraph 75, defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that Wennstrom was "acting to pursue the City's interests", Defendants deny that the individual identified in this paragraph was a speaking agent of the City.

76. In answer to paragraph 76, defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that Faber was "acting to pursue the City's interests", Defendants deny that the individual identified in this paragraph was a speaking agent of the City.

77. In answer to paragraph 77, defendants deny the existence of a "Mauro-Bart conspiracy".

78. In answer to paragraph 78, defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

79. In answer to paragraph 79, defendants lack information or knowledge sufficient to form a belief as to the truth of these allegations, and on that basis deny the same.

80. In answer to paragraph 80, defendants deny the City police officers failed to act appropriately or that they permitted assaults to occur.

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

81. In answer to paragraph 81, defendant has no information to dispute that the letter attached as Exhibit 26 to plaintiff's complaint is not a true and accurate copy of a letter sent by Wendy Bart to plaintiff. The contents of the letter speak for themselves.

82. In answer to paragraph 82, defendants admit that the emails included as Exhibits 27, 28, and and 29 to plaintiff's complaint were sent and received by the listed individuals. The contents of these emails speak for themselves.

83. In answer to paragraph 83, defendants deny that they caused harm or damage to plaintiff. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny the same.

84. In answer to paragraph 84, defendants admit that plaintiff sent a demand letter and tort claim on or about March 19, 2024, the contents of which speak for themselves.

85. In answer to paragraph 85, defendants admit that the City did not respond to plaintiff's tort claim. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny the same.

86. In answer to paragraph 86, defendants do not know what plaintiff means by "exhausted her remedies" and on that basis deny these allegations. Defendants admit that plaintiff has complied with the requirements of Chapter 4.96 RCW with respect to the submission of a tort claim to the City.

87. In answer to paragraph 87, defendants restate their response to the previous allegations.

88. In answer to paragraph 88, defendants deny the allegations in this paragraph.

89. In answer to paragraph 88, defendants deny the allegations in this paragraph.

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

90. In answer to paragraph 90, defendant submit that this paragraph contains assertions of law not fact and thus requires no response. Insofar as a response is required, the allegations are denied.

91. In answer to paragraph 91, defendants deny the allegations in this paragraph.

92. In answer to paragraph 92, defendants deny the allegations in this paragraph.

93. In answer to paragraph 93, defendants deny the allegations in this paragraph.

94. In answer to paragraph 94, defendants deny the allegations in this paragraph.

95. In answer to paragraph 95, defendants deny the allegations in this paragraph.

96. In answer to paragraph 96, defendants admit that the YMCA banned plaintiff from its facility and deny the remaining allegations in this paragraph.

97. In answer to paragraph 97, defendants deny the allegations in this paragraph.

98. In answer to paragraph 98, defendants deny the allegations in this paragraph.

99. In answer to paragraph 99, defendants deny the allegations in this paragraph.

100.    In answer to paragraph 100, defendants deny that plaintiff reasonably perceived she was witnessing a crime during the July 26 incident. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny the same.

101.    In answer to paragraph 101, defendants deny the allegations in this paragraph.

102.    In answer to paragraph 102, defendants deny the allegations in this paragraph.

103.    In answer to paragraph 103, defendants deny the allegations in this paragraph.

104.    In answer to paragraph 104, defendants deny the allegations in this paragraph.

105.    In answer to paragraph 105, defendants deny the allegations in this paragraph.

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

106.    In answer to paragraph 106, defendants restate their response to the previous allegations.

107.    In answer to paragraph 107, defendants deny the allegations in this paragraph.

108.    In answer to paragraph 108, defendants deny the allegations in this paragraph.

109.    In answer to paragraph 109, defendants deny the allegations in this paragraph.

110.    In answer to paragraph 110, defendants deny the allegations in this paragraph.

111.    In answer to paragraph 111, defendants deny the allegations in this paragraph.

112.    In answer to paragraph 112, defendants deny the allegations in this paragraph.

113.    In answer to paragraph 113, defendants deny the allegations in this paragraph.

114.    In answer to paragraph 114, defendants deny the allegations in this paragraph.

115.    In answer to paragraph 115, defendants deny the allegations in this paragraph.

116.    In answer to paragraph 116, defendants restate their response to the previous allegations.

117.    In answer to paragraph 117, defendants deny the allegations in this paragraph.

118.    In answer to paragraph 118, defendants deny the allegations in this paragraph.

119.    In answer to paragraph 119, defendants deny the allegations in this paragraph.

120.    In answer to paragraph 120, defendants deny the allegations in this paragraph.

121.    In answer to paragraph 121, defendants deny the allegations in this paragraph.

122.    In answer to paragraph 122, defendants deny the allegations in this paragraph.

123.    In answer to paragraph 123, defendants restate their response to the previous allegations.

124.    In answer to paragraph 124, defendants deny the allegations in this paragraph.

125.    In answer to paragraph 125, defendants deny the allegations in this paragraph.

126.    In answer to paragraph 126, defendants deny the allegations in this paragraph.

127.    In answer to paragraph 127, defendants deny the allegations in this paragraph.

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

128.   In answer to paragraph 128, defendants deny the allegations in this paragraph.

129.   In answer to paragraph 129, defendants deny the allegations in this paragraph.

130.   In answer to paragraph 130, defendants restate their response to the previous allegations.

131.   In answer to paragraph 131, defendants deny the allegations in this paragraph.

132.   In answer to paragraph 132, defendants deny the allegations in this paragraph.

133.   In answer to paragraph 133, defendants deny the allegations in this paragraph.

134.   In answer to paragraph 134, defendants deny the allegations in this paragraph.

135.   In answer to paragraph 135, defendants deny the allegations in this paragraph.

136.   In answer to paragraph 136, defendants restate their response to the previous allegations.

137.   In answer to paragraph 137, defendants deny the allegations in this paragraph.

138.   In answer to paragraph 138, defendants deny the allegations in this paragraph.

139.   In answer to paragraph 139, defendants deny the allegations in this paragraph.

By way of FURTHER ANSWER and AFFIRMATIVE DEFENSES, Defendants allege:

1.   That the plaintiff has failed to state a claim for which relief can be granted against these defendants.

2.   That qualified immunity precludes plaintiffs' federal claims against John Mauro.

3.   That the the City of Port Townsend is not liable for  plaintiff's federal claims because there is no official policy or custom that caused plaintiff's injuries, if any.

4.   That all statements alleged to be defamatory were true;

5.   That defendants are entitled to an absolute privilege with respect to any allegedly defamatory or "false light" statements.

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

6.      That defendants are entitled to a qualified privilege respect to any allegedly defamatory or "false light" statements as any such statements were not made with actual malice.

4.      That plaintiff's comparative fault proximately caused her damages, if any.

5.      That the plaintiff failed to mitigate her damages, if any.

6.      That the plaintiff's damages, if any, were caused by fault of parties not in the control of Answering Defendants or non-parties not in the control of Answering Defendants.

Defendants expressly reserve the right to amend this Answer, including the addition of affirmative defenses warranted by investigation and discovery, and to make such amendments either before or during trial, including asserting other defense theories or conforming the pleadings to the proof offered at the time of trial.

WHEREFORE, Defendants pray as follows:

1.      That plaintiff's Complaint be dismissed with prejudice and that plaintiff take nothing by her Complaint and that Defendants be allowed their costs and reasonable attorneys' fees herein.

DATED this 12th day of August 2024.

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.

*s/ Elizabeth A. McIntyre*
_____
Elizabeth A. McIntyre, WSBA No. 25671
Attorney for Defendants City of Port
Townsend and John Mauro
P.O. Box 11880
Olympia, WA 98508-1880
Tel: (360) 754-3480
Email:  emcintyre@lldkb.com

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

1

### CERTIFICATE OF FILING & SERVICE

2

   I certify under penalty of perjury under the laws of the United States of America and the State of

3

Washington that on the date specified below, I electronically filed the foregoing with the Clerk of the

4

Court using the CM/ECF system and served counsel for parties via e-mail as follows:

5

6
*Attorneys for Plaintiff:*
Rosemary Schurman
P.O. Box 65194
Port Ludlow, WA 98365
rbschurman@msn.com

*Attorneys for Defendants Olympic Peninsula YMCA, Wendy Bart, Rowen DeLuna & Erin Hawkins:*
Christopher E. Hawk
Lewis Brisbois Bisgaard & Smith LLP
888 SW 5th Ave Ste 900
Portland, OR 97204-2023
Chris.hawk@lewisbrisbois.com

7

8

9
Josh Dixon
Eric Sell
Center for American Liberty
1311 S. Main Street, Suite 207
Mount Airy, MD 21771
jdixon@libertycenter.org
esell@libertycenter.org

Jason Harrington
Kaytlin Carlson
Lewis Brisbois Bisgaard & Smith LLP
1111 3rd Ave Ste 2700
Seattle, WA 98101-3224
Jason.harrington@lewisbrisbois.com
Kaytlin.carlson@lewisbrisbois.com

10

11

12

13

14

15

16
Shellie McGaughey
Michael Kyllo
McGaughey Bridges Dunlap, PLLC
3131 Western Ave, Suite 410
Seattle, WA 98121
shellie@mcbdlaw.com
mike@mcbdlaw.com

17

18

19

20
   DATED this 12th day of August, 2024, at Tumwater, WA.

21

22
                                    */s/ Tam Truong*

23
                                    _____
                                    Tam Truong, Legal Assistant

24

25

26

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

**ANSWER OF DEFENDANTS CITY OF
PORT TOWNSEND AND JOHN MAURO  – 17
No.:  3:24-cv-05466-TMC**