1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| JULIE JAMAN,<br><br>             Plaintiff,<br><br>     vs.<br><br>CITY OF PORT TOWNSEND, WASHINGTON; JOHN MAURO, in his official and personal capacities; THE OLYMPIC PENINSULA YMCA; WENDY BART, in her official and personal capacities; ROWEN DELUNA, in her official and personal capacities; ERIN HAWKINS, in her official and personal capacities; and JOHN DOES 1-10, in their official and personal capacities,<br><br>             Defendants. | No. 3:24-cv-05466-TMC<br><br>DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER TO PLAINTIFF'S COMPLAINT |

Defendants OLYMPIC PENINSULA YMCA, WENDY BART, ROWEN DELUNA, AND

ERIN HAWKINS (collectively "Defendants") through their attorneys of record in answer and in

affirmative defense to Plaintiff's Complaint on file, herein admit, deny, and allege as follows:

**INTRODUCTION**

1.      Defendants admit that within the City of Port Townsend, Washington (the "City"

or "Port Townsend") is an indoor swimming pool called the Mountain View Pool (the "Pool").

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY
BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER
TO PLAINTIFF'S COMPLAINT - 1
USDC WD WA CAUSE NO. 3:24-CV-05466
144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

1    Defendants deny the allegations contained in this paragraph pertaining to First Amendment rights,

2    and deny the remaining allegations in this paragraph for lack of knowledge or information.

3    2.    Defendants admit that the Pool is managed by the Olympic Peninsula YMCA

4    ("YMCA"), a local affiliate of the Young Men's Christian Association.  Defendants also admit

5    that the YMCA is a private non-profit corporation.  Defendants deny that its operation if of the

6    Pool is state action subject to constitutional restrictions.  Defendants also deny that the YMCA is

7    a government actor or that it has constitutional obligations.  Any remaining allegations in this

8    paragraph call for a legal conclusion and, therefore, no response is required.  If required,

9    Defendants deny the remaining allegations in this paragraph for lack of information.

10    3.    This paragraph contains no allegations directed at Defendants; therefore, no

11    response is required. To the extent a response is required, Defendants lack knowledge or

12    information sufficient to form a belief as to the truth of the remaining allegations contained within

13    this paragraph and therefore deny the same.

14    4.    Defendants admit that on July 26, 2022 Plaintiff was banned from the Pool.  With

15    respect to the remaining allegations, they are not directed at Defendants so no answer is required.

16    If required, Defendants lack knowledge or information sufficient to form a belief as to the truth of

17    the allegations contained within this paragraph and therefore deny the same.

18    5.    Defendants admit that a YMCA employee entered the locker room and heard

19    Plaintiff verbally attacking Clementine Adams and banned Plaintiff for life due to her

20    discriminatory and venomous statements toward Adams, made in the presence of other patrons

21    including young children.  Defendants also admit that Plaintiff asked the YMCA employee to

22    remove Adams.  Defendants deny the remaining allegations contained within this paragraph.

23    6.    Defendants admit that at all relevant times, Adams was a YMCA camp counselor

24    and identified as female.  Defendants also admit the YMCA follows Washington State law

25    allowing patrons to use the locker room consistent with their gender identity irrespective of their

26    sex, and as a result Adams had the YMCA's permission to be in the women's locker room and to

27

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY
BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER
TO PLAINTIFF'S COMPLAINT - 2
USDC WD WA CAUSE NO. 3:24-CV-05466
144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

1  assist campers in using the toilet.  Defendants deny that Jaman lacked knowledge of these facts,

2  and denies any remaining allegations contained in this paragraph.

3  7.  Defendants deny that YMCA employees and Port Townsend officials conspired

4  together to engage in a high-profile public relations campaign designed to justify Plaintiff's lifetime

5  ban, to smear her or to make her appear to be bigoted and a serial harasser of transgender

6  individuals.  Defendants also deny the YMCA or its employees were involved in a "smear

7  campaign" or that the YMCA is a state actor or engaged in unconstitutional state action.

8  Defendants lack knowledge or information sufficient to form a belief as to the truth of the

9  allegations contained within this paragraph and therefore deny the same.

10  8.  Defendants admit there is a lifetime ban against Plaintiff from using the Pool.

11  9.  Defendants deny that their actions taken against Plaintiff were unlawful or

12  shameful.  Defendants also deny they are defaming or punishing Plaintiff.  Defendants further deny

13  that Plaintiff acted based upon a reasonable belief in attacking its employees in front of other

14  patrons including young children.  The remainder of this paragraph contains no allegations directed

15  at Defendants; therefore, no response is required.  To the extent a response is required, Defendants

16  lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations

17  contained within this paragraph and therefore deny the same.

18  10.  This paragraph contains no allegations directed at Defendants; therefore, no

19  response is required.  To the extent a response is required, Defendants lack knowledge or

20  information sufficient to form a belief as to the truth of the allegations contained within this

21  paragraph and therefore deny the same.

22  11.  Defendants admit that Plaintiff's lifetime ban is still in place. Defendants deny any

23  remaining allegations contained in this paragraph.

24  **JURISDICTION AND VENUE**

25  12.  This paragraph contains legal conclusions; therefore, no response is required.  To

26  the extent a response is required, Defendants do not contest subject matter jurisdiction.  Defendants

27  admit Plaintiff seeks the requested relief and deny that Plaintiff is entitled to relief.

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY
BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER
TO PLAINTIFF'S COMPLAINT - 3
USDC WD WA CAUSE NO. 3:24-CV-05466
144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

13.     Defendants admit that YMCA is a non-profit organization incorporated in the state of Washington. Defendants deny that they committed any of the alleged wrongful activity in Washington or elsewhere. Any remaining allegations in this paragraph call for a legal conclusion; therefore no response is required. If required, Defendants deny the remaining allegations in this paragraph for lack of knowledge or information.

14.     This paragraph contains a legal conclusion; therefore, no response is required. To the extent a response is required, Defendants do not contest venue.

## PARTIES

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph and therefore deny the same.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph and therefore deny the same.

17.     Defendants admit that the YMCA is a 501(c)(3) non-profit corporation incorporated in the state of Washington that is affiliated with the Young Men's Christian Association whose local affiliates provide health and fitness programs at their facilities. Defendants deny the remaining allegations contained in this paragraph.

18.     This paragraph contains no allegations directed at Defendants; therefore, no response is required. To the extent a response is required, Defendants deny for lack of information.

19.     Defendants admit that Defendant Wendy Bart is the YMCA's Chief Executive Officer ("CEO"), that she acted within the scope of her employment, and she acted consistently with State law. Defendants also admit that Plaintiff seeks to sue Bart in her official and personal capacity, but denies she is entitled to. Defendants deny that she was acting under color of State law and deny the remaining allegations contained in this paragraph.

20.     Defendants admit that Defendant Rowen DeLuna was the YMCA's Aquatics Manager, that she acted within the scope of her employment, and she acted consistently with State law. Defendants also admit that Plaintiff seeks to sue DeLuna in her official and personal capacity,

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY
BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER
TO PLAINTIFF'S COMPLAINT - 4
USDC WD WA CAUSE NO. 3:24-CV-05466
144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

1    but denies she is entitled to.  Defendants deny that she was acting under color of State law and

2    deny the remaining allegations contained in this paragraph.

3        21.   Defendants admit that Defendant Erin Hawkins is the YMCA's Marketing and

4    Communications Manager, that she acted within the scope of her employment, and she acted

5    consistently with State law.  Defendants also admit that Plaintiff seeks to sue DeLuna in her official

6    and personal capacity, but denies she is entitled to.  Defendants deny that she was acting under

7    color of State law and deny the remaining allegations contained in this paragraph.

8        22.   Defendants deny the allegations contained in this paragraph to the extent they are

9    directed at the YMCA and its employees.  Defendants lack knowledge or information sufficient to

10   form a belief as to the truth of the remaining allegations contained within this paragraph and

11   therefore deny the same.

12       23.   This paragraph calls for a legal conclusion and, therefore, no response is required.

13   If required, Defendants deny the allegations in this paragraph.

14   **ANSWERS TO ALLEGED FACTS**

15   **The Mountain View Pool**

16       24.   This paragraph contains no allegations directed at Defendants; therefore, no

17   response is required. To the extent a response is required, Defendants admit and respectfully refer

18   the Court to the text in Exhibit 1 for its specific language.

19       25.   This paragraph contains no allegations directed at Defendants; therefore, no

20   response is required. To the extent a response is required, Defendants admit and respectfully refer

21   the Court to the text of Exhibit 2 for its specific language.

22       26.   This paragraph contains no allegations directed at Defendants; therefore, no

23   response is required. To the extent a response is required, Defendants admit and respectfully refer

24   the Court to the text Exhibit 1 for its specific language.

25       27.   Defendants admit that in October of 2021, the City and YMCA entered the

26   Swimming Pool Management Services Contract ("Contract") and respectfully refer the Court to

27   the Contract for the specific language therein..  Defendants lack knowledge or information

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY
BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER
TO PLAINTIFF'S COMPLAINT - 5
USDC WD WA CAUSE NO. 3:24-CV-05466
144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph and therefore deny the same.

28.    Defendants admit the Contract conveys specific duties and responsibilities to the YMCA and respectfully refer the Court to the Contract for the specific language therein.

29.    Defendants deny their operation of the Pool is state action.  Defendants admit the YMCA has authority to manage the Pool's day-to-day operations.

30.    Defendants admit the Contract outlines its purposes and respectfully refer the Court to the Contract for the specific language therein.  The remaining allegations within this paragraph do not appear to be directed to Defendants; therefore, no response is required. To the extent a response is required, Defendants admit this article was published and respectfully refer the Court to the article cited within the Complaint for its specific text.

31.    Defendants admit the Contract outlines its obligations and purposes, and other requirements pertaining to Pool access.  Defendants respectfully refer the Court to the Contract for the specific language therein.

32.    The allegations within this paragraph do not appear to be directed to Defendants; therefore, no response is required. To the extent a response is required, Defendants admit the Contract includes requirements regarding public outreach and respectfully refer the Court to the Contract for the specific language therein.

33.    The allegations within this paragraph do not appear to be directed to Defendants; therefore, no response is required. To the extent a response is required, Defendants admit the Contract conveys management and operation of the Pool to the YMCA and includes obligations therein, and respectfully refer the Court to the Contract for the specific language therein.

34.    Defendants admit that the YMCA shares maintenance costs of the Pool with the City pursuant to the Contract and that the Contract includes certain maintenance requirements and respectfully refer the Court to the Contract for the specific language therein.  The remaining allegations within this paragraph do not appear to be directed to Defendants; therefore, no response is required. To the extent a response is required, Defendants admit the Contract includes terms

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY
BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER
TO PLAINTIFF'S COMPLAINT - 6
USDC WD WA CAUSE NO. 3:24-CV-05466
144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

regarding reimbursements and fees the City is required to pay and respectfully refer the Court to the Contract for the specific language therein. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph and therefore deny the same.

35.    Defendants admit the Contract includes insurance provisions and respectfully refer the Court to the Contract for the specific language therein.

36.    Defendants admit the Contract financial terms and respectfully refer the Court to the Contract for the specific language therein.

**The July 26, 2022 Incident**

37.    Defendants admit that the YMCA established a Code of Conduct applicable to the Pool and respectfully refer the Court to the Code of Conduct attached as Exhibit 9 for the specific text.

38.    The allegations within this paragraph do not appear to be directed to Defendants; therefore, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph for lack of information.

39.    The allegations within this paragraph do not appear to be directed to Defendants; therefore, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph for lack of information.

40.    The allegations within this paragraph do not appear to be directed to Defendants; therefore, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph for lack of information.

41.    Admitted.

42.    Defendants admit there is no posted protocol regarding the use of restrooms. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph and therefore deny the same.

43.    Admitted.

44.    Defendants admit that Adams was in the women's locker room. Defendants deny

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY
BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER
TO PLAINTIFF'S COMPLAINT - 7
USDC WD WA CAUSE NO. 3:24-CV-05466
144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

that Jaman had not seen Adams before, and deny the remaining allegations for lack of knowledge.

45.    Defendants admit Adams was working as a YMCA camp counselor, but deny Plaintiff's characterization of Adams' involvement.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph and therefore deny the same.

46.    Defendants admit that Plaintiff asked whether Adams had a penis and that Adams responded it was none of her business.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph and therefore deny the same.

47.    Defendants admit that Defendant DeLuna banned Plaintiff from the Pool for life, told her to leave, and threatened to call the police after Plaintiff verbally attacked Adams in front of young children and asked her to leave.  Defendants deny the remaining allegations contained in this paragraph.

48.    Defendants deny the allegations contained in this paragraph.

49.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph and therefore deny the same.

50.    Defendants deny the allegation that "none of this was true."  Defendants admit the remaining allegations.

51.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph and therefore deny the same.

52.    Defendants deny that any false accusations were made against Plaintiff or that anything the YMCA told the police was false.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph and therefore deny the same.

53.    Defendants admit the YMCA follows Washington State law allowing patrons to use the locker room consistent with their gender identity irrespective of their sex.  Defendants admit the remaining allegations contained in this paragraph.

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY
BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER
TO PLAINTIFF'S COMPLAINT - 8
USDC WD WA CAUSE NO. 3:24-CV-05466
144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

1

**Jaman's Protest**

2      54.    Defendants admit that Plaintiff protested outside the Pool on August 1 and August

3  2, 2022 to voice her objection to the YMCA's policy to adhere to Washington State law.  This

4  paragraph also contains a legal conclusion, for which no response is required.  To the extent a

5  response is required, Defendants deny.  Defendants lack knowledge or information sufficient to

6  form a belief as to the truth of the remaining allegations contained within this paragraph and

7  therefore deny the same.

8      55.    This paragraph contains no allegations directed at Defendants; therefore, no

9  response is required. To the extent a response is required, Defendants deny for lack of information.

10     56.    This paragraph contains no allegations directed at Defendants; therefore, no

11 response is required. To the extent a response is required, Defendants deny for lack of information.

12     **The City and the YMCA Conspire Regarding the Response to the Incident**

13     57.    Defendants admit that on July 26, 2022, Bart contacted City Manager John Mauro

14 to inform him about the incident.  Defendants lack knowledge or information sufficient to form a

15 belief as to the truth of the remaining allegations contained within this paragraph and therefore

16 deny the same.

17     58.    Defendants deny that they "conspired" with the City.  The remainder of this

18 paragraph contains no allegations directed at Defendants; therefore, no response is required.  To

19 the extent a response is required, Defendants deny for lack of information.

20     59.    Defendants deny the existence of any "Mauro-Bart conspiracy." Defendants admit

21 the Contract contains provisions regarding public outreach and respectfully refer the Court to the

22 Contract for the specific language therein.

23     60.    Defendants deny the existence of any "Mauro-Bart conspiracy" or any other

24 conspiracy between Defendants and the City.  Defendants admit that Bart and other YMCA

25 representatives communicated with, met, and discussed their responses to the July 26, 2022

26 incident with the City and their affiliates.  Defendants deny the remaining allegations.

27

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY
BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER
TO PLAINTIFF'S COMPLAINT - 9
USDC WD WA CAUSE NO. 3:24-CV-05466
144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

1    61.    Defendants admit that Bart informed Mauro about Plaintiff's protest on the

2    sidewalk outside the Pool.  The remainder of this paragraph does not appear to be directed at

3    Defendants; therefore, no response is required.  To the extent a response is required, Defendants

4    deny for lack of information.

5    62.    This paragraph contains no allegations directed at Defendants; therefore, no

6    response is required.  To the extent a response is required,  Defendants admit that the emails were

7    exchanged and respectfully refer the Court to the emails for their specific language.

8    63.    Defendants admit the YMCA began receiving calls and voicemails from members

9    of the community and beyond regarding the incident and the Pool was closed shortly thereafter for

10   the remainder of the week.  Defendants deny any remaining allegations for lack of information.

11   64.    This paragraph contains no allegations directed at Defendants; therefore, no

12   response is required.  To the extent a response is required,  Defendants admit that the emails were

13   exchanged and respectfully refer the Court to the emails for their specific language.

14   65.    This paragraph contains no allegations directed at Defendants; therefore, no

15   response is required. To the extent a response is required,  Defendants admit that the emails were

16   exchanged and respectfully refer the Court to the emails for their specific language.

17   66.    This paragraph contains no allegations directed at Defendants; therefore, no

18   response is required.  To the extent a response is required,  Defendants admit that the emails were

19   exchanged and respectfully refer the Court to the emails for their specific language.

20   67.    Defendants admit emails were exchanged between Bart and Mauro and respectfully

21   refer the Court to the emails for their specific language.

22   68.    Defendants admit Bart attended a meeting with City employees and respectfully

23   refer the Court to the emails regarding the meeting for details regarding the same.

24   69.    This paragraph contains no allegations directed at Defendants; therefore, no

25   response is required.  To the extent a response is required,  Defendants admit that the emails were

26   exchanged and respectfully refer the Court to the emails for their specific language.

27

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY
BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER
TO PLAINTIFF'S COMPLAINT - 10
USDC WD WA CAUSE NO. 3:24-CV-05466
144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

70.    Defendants admit emails were exchanged between Bart, Hawkins, and Mauro and respectfully refer the Court to the emails for their specific language.  The remainder of this paragraph does not appear to be directed at Defendants; therefore, no response is required. To the extent a response is required, Defendants deny for lack of information.

71.    This paragraph contains no allegations directed at Defendants; therefore, no response is required.  To the extent a response is required, Defendants deny for lack of information.

72.    Defendants deny that the Q&A contained false statements and deny that Plaintiff had never engaged in disrespectful behavior at the Pool.  Defendants deny any remaining allegations contained in this paragraph.

73.    Defendants deny there was any conspiracy between Bart and Mauro, deny that the Q&A contained false statements, and deny any remaining allegations contained in this paragraph.

### Other City Officials Defame Jaman

74.    This paragraph contains no allegations directed at Defendants; therefore, no response is required. To the extent a response is required, Defendants deny for lack of information.

75.    This paragraph contains no allegations directed at Defendants; therefore, no response is required. To the extent a response is required, Defendants deny for lack of information.

76.    This paragraph contains no allegations directed at Defendants; therefore, no response is required. To the extent a response is required, Defendants deny for lack of information.

77.    Defendants deny there was a conspiracy between Bart and Mauro.  The remainder of this paragraph does not appear to be directed at Defendants; therefore, no response is required. To the extent a response is required, Defendants deny for lack of information.

### The City Allows a Hecklers' Veto Over Jaman's Public Speech

78.    This paragraph contains no allegations directed at Defendants; therefore, no response is required. To the extent a response is required, Defendants deny for lack of information.

79.    This paragraph contains no allegations directed at Defendants; therefore, no response is required. To the extent a response is required, Defendants deny for lack of information.

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY
BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER
TO PLAINTIFF'S COMPLAINT - 11
USDC WD WA CAUSE NO. 3:24-CV-05466
144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

80.    This paragraph contains no allegations directed at Defendants; therefore, no response is required. To the extent a response is required, Defendants deny for lack of information.

### The YMCA Upholds the Ban

81.    Defendants admit that Bart sent a letter upholding the lifetime ban of Plaintiff and respectfully refer the Court to the letter for its specific language and contents.

82.    Defendants admit that Bart and Plaintiff exchanged emails regarding the letter and respectfully refer the Court to the emails for their specific language and content.  The remainder of this paragraph does not appear to be directed at Defendants; therefore, no response is required. To the extent a response is required, Defendants deny for lack of information.

### Jaman's Harm

83.    This paragraph does not appear to be directed at Defendants; therefore, no response is required. To the extent a response is required, Defendants deny for lack of information.

84.    Defendants admit they received a demand letter from Plaintiff and respectfully refer the Court to the demand letter for its specific language and contents.

85.    Defendants admit they rejected the claim through counsel.   The remainder of this paragraph does not appear to be directed at Defendants; therefore, no response is required. To the extent a response is required, Defendants deny for lack of information.

86.    This paragraph calls for a legal conclusion and, therefore, no response is required. If required, Defendants deny the allegations in this paragraph for lack of information.

### **FIRST CAUSE OF ACTION**

### **(42 U.S.C. § 1983)**

### *Violation of the First and Fourteenth Amendments*

### *Against Defendants the City, the YMCA, Mauro, Bart, and DeLuna*

87.    Defendants repeat and incorporate by reference each and every answer set forth in the preceding paragraphs.

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY
BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER
TO PLAINTIFF'S COMPLAINT - 12
USDC WD WA CAUSE NO. 3:24-CV-05466
144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

88.     No response is required to this paragraph to the extent it is not directed towards Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the extent they are directed towards them.

89.     No response is required to this paragraph to the extent it is not directed towards Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the extent they are directed towards them.

90.     No response is required to this paragraph to the extent it is not directed towards Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the extent they are directed towards them.

91.     Defendants admit only that Jaman's words and actions at the YMCA on July 26, 2022 resulted in her ban from the YMCA.  Defendants deny any remaining allegations contained in this paragraph.

92.     Defendants admit only that Jaman's words and actions at the YMCA on July 26, 2022 resulted in her ban from the YMCA.  Defendants deny any remaining allegations contained in this paragraph.

93.     No response is required to this paragraph to the extent it is not directed towards Defendants, engages in speculative hypotheticals, and calls for a legal conclusion.  If required, Defendants deny the allegations to the extent they are directed towards them.

94.     No response is required to this paragraph to the extent it is not directed towards Defendants, engages in speculative hypotheticals, and calls for a legal conclusion.  If required, Defendants deny the allegations to the extent they are directed towards them.

95.     Denied.

96.     Defendants admit only that Jaman's words and actions at the YMCA on July 26, 2022 resulted in her ban from the YMCA.  Regarding the letter referenced in this paragraph, Defendants respectfully refer the Court to the letter for its specific language and contents. Defendants deny the remaining allegations in this paragraph.

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY
BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER
TO PLAINTIFF'S COMPLAINT - 13
USDC WD WA CAUSE NO. 3:24-CV-05466
144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

1     97.     No response is required to this paragraph to the extent it is not directed towards

2   Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the

3   extent they are directed towards them.

4     98.     No response is required to this paragraph to the extent it is not directed towards

5   Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the

6   extent they are directed towards them.

7     99.     No response is required to this paragraph to the extent it is not directed towards

8   Answering Defendants and calls for a legal conclusion.  If required, Answering Defendants deny

9   the allegations to the extent they are directed towards them.

10     100.     No response is required to this paragraph to the extent it is not directed towards

11   Defendants.  If required, Defendants deny the allegations to the extent they are directed towards

12   them and further deny that any person could be reasonably perceived to have witnessed a crime.

13     101.     No response is required to this paragraph to the extent it is not directed towards

14   Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the

15   extent they are directed towards them.

16     102.     No response is required to this paragraph to the extent it is not directed towards

17   Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the

18   extent they are directed towards them.

19     103.     No response is required to this paragraph to the extent it is not directed towards

20   Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the

21   extent they are directed towards them.

22     104.     No response is required to this paragraph to the extent it is not directed towards

23   Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the

24   extent they are directed towards them.

25     105.     No response is required to this paragraph to the extent it is not directed towards

26   Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the

27   extent they are directed towards them.

**SECOND CAUSE OF ACTION**

**(42 U.S.C. § 1983)**

*Violation of the Fourteenth Amendment – Due Process*

*Against Defendants the City, the YMCA, Mauro, Bart, and DeLuna, and Hawkins*

106.    Defendants repeat and incorporate by reference each and every answer set forth in the preceding paragraphs.

107.    No response is required to this paragraph to the extent it is not directed towards Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the extent they are directed towards them.

108.    No response is required to this paragraph to the extent it is not directed towards Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the extent they are directed towards them.

109.    No response is required to this paragraph to the extent it is not directed towards Defendant and calls for a legal conclusion.  If required, Defendants deny the allegations to the extent they are directed towards them.

110.    No response is required to this paragraph to the extent it is not directed towards Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the extent they are directed towards them.

111.    No response is required to this paragraph to the extent it is not directed towards Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the extent they are directed towards them.

112.    No response is required to this paragraph to the extent it is not directed towards Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the extent they are directed towards them.

113.    No response is required to this paragraph to the extent it is not directed towards Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the extent they are directed towards them.

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER TO PLAINTIFF'S COMPLAINT - 15
USDC WD WA CAUSE NO. 3:24-CV-05466
144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

114.     No response is required to this paragraph to the extent it is not directed towards Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the extent they are directed towards them.

115.     No response is required to this paragraph to the extent it is not directed towards Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the extent they are directed towards them.

### THIRD CAUSE OF ACTION

### (42 U.S.C. § 1983)

*Violation of the Fourteenth Amendment – Equal Protection*

*Against Defendants the City, the YMCA, Mauro, Bart, and DeLuna, and Hawkins*

116.     Defendants repeat and incorporate by reference each and every answer set forth in the preceding paragraphs.

117.     No response is required to this paragraph to the extent it is not directed towards Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the extent they are directed towards them.

118.     No response is required to this paragraph to the extent it is not directed towards Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the extent they are directed towards them.

119.     No response is required to this paragraph to the extent it is not directed towards Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the extent they are directed towards them.

120.     To the extent a response is required, Defendants admit only that no other patrons have used the same words and engaged in the same actions as Jaman did at the YMCA on July 26, 2022 resulting in her ban.  Defendants deny the remaining allegations contained in this paragraph for lack of information.

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY
BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER
TO PLAINTIFF'S COMPLAINT - 16
USDC WD WA CAUSE NO. 3:24-CV-05466
144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

121.    No response is required to this paragraph to the extent it is not directed towards Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the extent they are directed towards them.

122.    No response is required to this paragraph to the extent it is not directed towards Defendants and calls for a legal conclusion.  If required, Defendants deny the allegations to the extent they are directed towards them.

## FOURTH CAUSE OF ACTION

### (Defamation)

*Against Defendant City of Port Townsend*

123.    Defendants repeat and incorporate by reference each and every answer set forth in the preceding paragraphs.

124.    This paragraph contains no allegations directed at Defendants; therefore, no response is required.  To the extent a response is required, Defendants deny for lack of information.

125.    This paragraph contains no allegations directed at Defendants; therefore, no response is required.  To the extent a response is required, Defendants deny for lack of information.

126.    This paragraph contains no allegations directed at Defendants; therefore, no response is required.  To the extent a response is required, Defendants deny for lack of information.

127.    This paragraph contains no allegations directed at Defendants; therefore, no response is required.  To the extent a response is required, Defendants deny for lack of information.

128.    This paragraph contains no allegations directed at Defendants; therefore, no response is required.  To the extent a response is required, Defendants deny for lack of information.

129.    This paragraph contains no allegations directed at Defendants; therefore, no response is required.  To the extent a response is required, Defendants deny for lack of information.

## FIFTH CAUSE OF ACTION

### (Invasion of Privacy – False Light)

*Against Defendant City of Port Townsend*

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER TO PLAINTIFF'S COMPLAINT - 17 USDC WD WA CAUSE NO. 3:24-CV-05466 144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP 1111 Third Avenue, Suite 2700 Seattle, Washington 98101 206.436.2020

1    130.    Defendants repeat and incorporate by reference each and every answer set forth in

2    the preceding paragraphs.

3    131.    This paragraph contains no allegations directed at Defendants; therefore, no

4    response is required.  To the extent a response is required, Defendants deny for lack of information.

5    132.    This paragraph contains no allegations directed at Defendants; therefore, no

6    response is required.  To the extent a response is required, Defendants deny for lack of information.

7    133.    This paragraph contains no allegations directed at Defendants; therefore, no

8    response is required.  To the extent a response is required, Defendants deny for lack of information.

9    134.    This paragraph contains no allegations directed at Defendants; therefore, no

10    response is required.  To the extent a response is required, Defendants deny for lack of information.

11    135.    This paragraph contains no allegations directed at Defendants; therefore, no

12    response is required.  To the extent a response is required, Defendants deny for lack of information.

13    ## SIXTH CAUSE OF ACTION

14    ### (Intentional Infliction of Emotional Distress / Outrage)

15    *Against Defendant City of Port Townsend*

16    136.    Defendants repeat and incorporate by reference each and every answer set forth in

17    the preceding paragraphs.

18    137.    This paragraph contains no allegations directed at Defendants; therefore, no

19    response is required.  To the extent a response is required, Defendants deny for lack of information.

20    138.    This paragraph contains no allegations directed at Defendants; therefore, no

21    response is required.  To the extent a response is required, Defendants deny for lack of information.

22    139.    This paragraph contains no allegations directed at Defendants; therefore, no

23    response is required.  To the extent a response is required, Defendants deny for lack of information.

24    ## JURY DEMAND

25    No response is required to Plaintiff's Jury Demand.

26    ## PLAINTIFF'S PRAYER FOR RELIEF

27

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY
BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER
TO PLAINTIFF'S COMPLAINT - 18
USDC WD WA CAUSE NO. 3:24-CV-05466
144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

1   No response is required to Plaintiff's Prayer for Relief.  If required, Defendants deny that

2   Plaintiff is entitled to any relief she seeks in paragraphs A-F as against it.

3                                   **AFFIRMATIVE DEFENSES**

4   By way of further answer and by way of affirmative defense, Defendants allege and state

5   as follows:

6   1.      Plaintiff has failed to state a claim for which relief can be granted against these

7   defendants.

8   2.      Defendants actions or inactions did not and do not constitute state action.

9   3.      The YMCA is a private entity and its actions and the actions of its employees and/or

10  representatives do not constitute state action.

11  4.      The 1st Amendment does not apply to Defendants as they are not government

12  actors.

13  5.      Plaintiff's actions and conduct on July 26, 2022 were not protected speech.

14  6.      Plaintiff's action and conduct on July, 26, 2022 were not properly conducted in an

15  allowed and reasonable time, place, and manner.

16  7.      The 14th Amendment does not apply to Defendants as they are not government

17  actors.

18  8.      Plaintiff's claims should be barred to the extent Defendants or anyone acting on

19  their behalf acted in accordance with State law, or followed applicable State policy.

20  9.      To the extent any of the Defendants are deemed to have engaged in State action,

21  then the claims against them should be barred based upon qualified immunity.

22  10.     Plaintiff's claims should be barred based on the doctrine of unclean hands, to follow

23  State law, and/or for her failure to otherwise adhere to applicable YMCA policies and procedures.

24  11.     Plaintiff's damages, if any, should be reduced to the extent they were caused by

25  fault of parties not in the control of Defendants or non-parties not in control of Defendants.

26  12.     Plaintiff's damages, if any, should be reduced based upon her comparative fault.

27  13.     Plaintiff's claimed should be barred to the extent she failed to mitigate her damages.

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY
BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER
TO PLAINTIFF'S COMPLAINT - 19
USDC WD WA CAUSE NO. 3:24-CV-05466
144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

14.     Certain of Plaintiff's claims and damages should be barred against Defendants including without limitation her equitable claims, punitive damages, and attorneys' fees.

15.     Claims against individual Defendants including Wendy Bart, Erin Hawkins, and Rowen DeLuna should be barred because all of their actions were taken within the scope of their employment and/or by the business judgment rule.

Defendants expressly reserve the right to amend this Answer, including the addition of affirmative defenses warranted by investigation and discovery, and to make such amendments either before or during trial, including asserting other defense theories or conforming the pleadings to the proof offered at the time of trial.

Any allegation in Plaintiff's Complaint not specifically responded to and admitted, is and should be deemed denied.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE having fully answered Plaintiff's Complaint, Defendants request relief as follows:

1.     Dismissal of Plaintiff's Complaint with prejudice;

2.     An award of attorneys' fees and costs to the extent allowed by law; and

3.     For such further and other relief as this Court deems just and equitable.

DATED: August 23, 2024                LEWIS BRISBOIS BISGAARD & SMITH LLP


By:     *s/ Jason Harrington*
_____
        Jason Harrington, WSBA #45120
        *s/ Kaytlin L. Carlson*
_____
        Kaytlin L. Carlson, WSBA #52606
        *s/ Christopher E. Hawk*
_____
        Christopher E. Hawk, WSBA #43307
        1111 Third Avenue, Suite 2700
        Seattle, WA 98101
        Jason.Harrington@lewisbrisbois.com
        Kaytlin.Carlson@lewisbrisbois.com
        Chris.Hawk@lewisbrisbois.com

        and

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY
BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER
TO PLAINTIFF'S COMPLAINT - 20
USDC WD WA CAUSE NO. 3:24-CV-05466
144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

MCGAUGHEY BRIDGES DUNLAP, PLLC


By:    *s/ Shellie McGaughey*
       Shellie McGaughey, WSBA #16809
       *s/ Michael Kyllo*
       Michael Kyllo, WSBA #51412
       3131 Western Avenue, Suite 410
       Seattle, WA 98121
       shellie@mcbdlaw.com
       mike@mcbdlaw.com

       Attorneys for Defendants The Olympic Peninsula
       YMCA, Wendy Bart, Rowen DeLuna, and Erin
       Hawkins

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY
BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER
TO PLAINTIFF'S COMPLAINT - 21
USDC WD WA CAUSE NO. 3:24-CV-05466
144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

**DECLARATION OF SERVICE**

I hereby certify that on August 23, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

| | |
|---|---|
| ***Counsel for Plaintiff Julie Jaman***<br>Rosemary Schurman, WSBA 11451<br>PO Box 65194<br>Pt Ludlow, WA 98365<br>(425) 821-8577; fax (888) 821-0544 | ☐ via 1st class U.S. Mail, postage prepaid<br>☐ via Legal Messenger Hand Delivery<br>☐ via Facsimile<br>☒ via CM/ECF<br>☒ via E-mail: rbschurman@msn.com |
| ***Counsel for Plaintiff Julie Jaman***<br>Harmeet K. Dhillon, pro hac vice<br>Joshua W. Dixon, pro hac vice<br>Eric A. Sell, pro hac vice<br>Center for American Liberty<br>1311 S. Main Street, Suite 207<br>Mount Airy, MD 21771<br>(703) 687 6212 | ☐ via 1st class U.S. Mail, postage prepaid<br>☐ via Legal Messenger Hand Delivery<br>☐ via Facsimile<br>☒ via CM/ECF<br>☒ via E-mail: harmeet@libertycenter.org<br>jdixon@libertycenter.org<br>esell@libertycenter.org |
| ***Counsel for Defendants City of Port Townsend and John Mauro***<br>Elizabeth A. McIntyre, WSBA #25671<br>Amanda B. Kuehn, WSBA #42450<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>PO Box 11880<br>Olympia, WA 98508<br>(360) 754-3480 | ☐ via 1st class U.S. Mail, postage prepaid<br>☐ via Legal Messenger Hand Delivery<br>☐ via Facsimile<br>☒ via CM/ECF<br>☒ via E-mail: emcintyre@lldkb.com<br>akuehn@lldkb.com<br>tam@lldkb.com<br>lisa@lldkb.com |
| ***Counsel for Defendants Olympic Peninsula YMCA, Wendy Bart, Rowen DeLuna and Erin Hawkins***<br>Shellie McGaughey, WSBA #16809<br>Michael Kyllo, WSBA #51412<br>McGaughey Bridges Dunlap, PLLC<br>3131 Western Avenue, Suite 410<br>Seattle, WA 98121<br>(425) 637-9638 | ☐ via 1st class U.S. Mail, postage prepaid<br>☐ via Legal Messenger Hand Delivery<br>☐ via Facsimile<br>☒ via CM/ECF<br>☒ via E-mail: shellie@mcbdlaw.com<br>mike@mcbdlaw.com<br>emily@mcbdlaw.com |

Dated August 23, 2024, at Seattle, Washington.

*s/ Annie Kliemann*
Annie Kliemann, Legal Secretary
annie.kliemann@lewisbrisbois.com

DEFENDANTS OLYMPIC PENINSULA YMCA, WENDY
BART, ROWEN DELUNA, AND ERIN HAWKINS' ANSWER
TO PLAINTIFF'S COMPLAINT - 22
USDC WD WA CAUSE NO. 3:24-CV-05466
144511738.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020